UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Quality Sheet Metal Fabricators, Inc.,<br><br>　　　　Defendant. | Civil File No. _____<br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1.     The Plaintiffs are Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2.     As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

1

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendant Quality Sheet Metal Fabricators, Inc. ("Quality Sheet Metal Fabricators") is a Minnesota business corporation with the registered address of 1126 East Broadway, Winona, Minnesota 55987. Quality Sheet Metal Fabricators is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5. This is an action by fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. Quality Sheet Metal Fabricators is bound to the terms of a collective bargaining agreement negotiated between the Winona Subdivision of the Sheet Metal and Roofing and Air Conditioning Contractors Association. ("SMARCA") and the Sheet Metal Workers Local #10 with a term of May 1, 2016 through April 30, 2019 ("CBA").

9. Quality Sheet Metal Fabricators is bound to the CBA through at least April 30, 2020.

10. The CBA requires Quality Sheet Metal Fabricators to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

11. The CBA incorporates by reference the Agreements and Declarations of Trust ("Trust Agreements") for the benefit funds to which Quality Sheet Metal Fabricators is required to submit contributions to.

12. The CBA requires Quality Sheet Metal Fabricators to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Mike's Custom 's monthly payment.

13. 29 U.S.C. § 1059 requires employers such as Quality Sheet Metal Fabricators to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

14. If Quality Sheet Metal Fabricators fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Quality Sheet Metal Fabricators is liable for all of the hours worked by that individual for whom Quality Sheet Metal Fabricators is unable to produce satisfactory records verifying the type of work being performed by that individual.

15. The CBA and the Trust Agreements require Quality Sheet Metal Fabricators to submit the reports and payments to the Control Board by specific dates and provide that any employer whose report and contributions are not received by the Control Board by the specified due date is delinquent.

16. The CBA and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

17. The CBA and Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

18. The CBA and Trust Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer.

## COUNT I
## Breach of Contract /Failure to Remit Contributions-Report Amount Due Under ERISA and the LMRA

19. The Control Board re-alleges and incorporates by reference paragraphs 1-18 herein.

20. Quality Sheet Metal Fabricators breached the terms of the CBA and Trust Agreements by failing to submit the contributions due and owing for the month of May 2019.

21. Pursuant to the remittance report submitted by Quality Sheet Metal Fabricators for the month of May 2019, $7,716.33 is due and owing for contributions.

22. Upon information and belief, for periods after May 31, 2019, Quality Sheet Metal Fabricators continued to employ individuals performing CBA-covered work.

23. Quality Sheet Metal Fabricators is liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Quality Sheet Metal Fabricators is unable to produce satisfactory records verifying the type of work performed by any such individuals.

24. Every month, until this matter is resolved either through dismissal or judgment, Quality Sheet Metal Fabricators will be obligated to remit fringe fund report forms as described above as required by the CBA and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

25. If Quality Sheet Metal Fabricators fails to remit contribution report forms on the due dates during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of such

contributions to Quality Sheet Metal Fabricators' employees.

26. In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

27. Quality Sheet Metal Fabricators should be enjoined from further refusal and failure to remit reports and contributions.

28. Pursuant to the CBA and Trust Agreements, Quality Sheet Metal Fabricators is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights and collecting the amounts due.

29. Pursuant to the CBA and Trust Agreements, Quality Sheet Metal Fabricators is liable to the Control Board for interest on the unpaid contributions and liquidated damages on the May 2019 contributions and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
### ERISA Damages

30. The Control Board re-alleges and incorporates by reference paragraphs 1-29 herein.

31. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

32. The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33. The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant Quality Sheet Metal Fabricators, Inc. as follows:

1. For judgment in the amount of $7,716.33 for the contributions due and owing for the month of May 2019.

2. For an order requiring the Defendant to submit to Plaintiffs all remittance reports which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: July 1, 2019

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED

By  s/ Amy L. Court
   Carl S. Wosmek #300731
   Amy L. Court #319004
   Christy E. Lawrie # 388832
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1146699.DOCX